UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JEREMIAH M. FERGUSON,

                              Plaintiff,

                                DECISION & ORDER

-vs-

                                16-CV-6447-CJS

COMMISIONER OF TAX AND FINANCE,

                              Defendant.

_____

## APPEARANCES

For Plaintiff:                      Jeremiah M. Ferguson, *pro se*
                                      2404 Country Estates Road
                                      Penn Yan, NY 14527-9599

For Defendant:                  Heather Lynn McKay, A.A.G.
                                      New York State Attorney General's Office
                                      144 Exchange Blvd., Suite 200
                                      Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** This civil rights case is before the Court on the following motions:

Defendant's Motion to Dismiss, Sept. 7, 2016, ECF No. 5;

Defendant's Motion for Sanctions, Sept. 7, 2016, ECF No. 4;

Plaintiff's Motion to Dismiss, Oct. 27, 2016, ECF No. 8; and

Plaintiff's Motion to Withdraw, Nov. 3, 2016, ECF No. 9.

For the reasons stated below, Plaintiff's motion to withdraw is granted, his motion to dismiss is denied as withdrawn, and Defendant's motions are granted.

## FACTUAL BACKGROUND

On June 29, 2016, Plaintiff commenced this equal protection action against Defendant. Plaintiff claims that the New York State Tax Law, particularly section 1101, violates his Equal Protection rights. In that regard, Plaintiff contends that:

> New York sales tax law, in relevant part, 1101-3-b. is manifestly COERCIVE! The provision, 1101-3-b, pays consumers to shun the public market and limit the sale of their property to a trade-in. That coercion by the Commissiomer [sic] of Taxation and Finance was rejected and the double taxation the Commissioner commands in the public market was suffered when plaintiff sold his used bed in that market for 100 dollars (no tax credit) and purchased a freezer for 250 dollars and paid 8% sales tax. Therein plaintiff's equal protection rights where [sic] twice violated by the Commissioner.

Compl. at 4. Defendant now moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure and seeks sanctions pursuant to Federal Rule of Civil Procedure 11.

Plaintiff responded to Defendant's motion to dismiss on September 9, 2016, ECF No. 7. Plaintiff later filed a motion to dismiss his own action, in which he stated that "it is perceived to pose a threat to plaintiff's life." Motion for Dismissal, Oct. 25, 2016, ECF No. 8. Subsequently, Plaintiff filed a Motion to Withdraw Plaintiff's Motion for Dismissal, Nov. 3, 2016, ECF No. 9. The Court grants Plaintiff's motion to withdraw, ECF No. 9, and denies his Motion to Dismiss, ECF No. 8. Therefore, the only two remaining motions are Defendant's for dismissal and for imposition of sanctions.

## STANDARDS OF LAW

*Motion to Dismiss*

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotations omitted). *See also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.).

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir. 1994)).

As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-moving party. *Id.*; *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true).

Further, "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *see also Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). "The policy

4

of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

## Constitutional Claims

The Constitution has no built-in enforcement mechanism. Therefore, in order to bring an action against state actors under the Constitution, a plaintiff must meet the requirements of 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993).

"The Equal Protection Clause of the Fourteenth Amendment requires the government to treat all similarly situated individuals alike." *Tarantino v. City of Hornell*, 615 F. Supp. 2d 102, 110 (W.D.N.Y. 2009) (Larimer, J.), citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). If two similarly situated individuals are treated differently, "the Constitution requires that there be some rational, legitimate basis for the difference in treatment." *Tarantino*, 615 F. Supp. 2d at 110. In order to pursue equal protection challenge, then, individuals "ordinarily allege that they have been arbitrarily classified as members of an identifiable group." *Id.* at 111. In the alternative, under rarer circumstances, a plaintiff can make out an equal protection

claim "if he can show that he ha[s] been irrationally singled out for discriminatory treatment." *Id.* R 7.

*Tax Injunction Act*

Defendant argues that this lawsuit is barred by the Tax Injunction Act, codified at 28 U.S.C. § 1341, which states, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

## ANALYSIS

*Defendant's Motion to Dismiss*

Defendant argues that the Court is without subject matter jurisdiction to hear this case. In the alternative, Defendant posits that the Tax Injunction Act precludes the Court from exercising jurisdiction.

A United States district court is a court of limited jurisdiction "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80(1803)). The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised sua sponte when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Assoc. of the City of New York*, Inc., 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied* 488 U.S. 967(1988) (citations omitted).

If Plaintiff is maintaining that the Court has diversity jurisdiction, he has not alleged facts sufficient to show diversity. 28 U.S.C. § 1332. With regard to Plaintiff's claim under § 1983, which would provide the Court with jurisdiction under 28 U.S.C.

§ 1331, he elaborates on the conclusory claim in his complaint in his memorandum in support of his opposition to dismissal. Generally, a memorandum of law does not amend the complaint. See *Daury v. Smith*, 842 F.2d 9, 15 (1st Cir. 1988) ("We do not think our duty to liberally construe the pleadings gives a plaintiff the license to amend the complaint by memorandum in the district court and by brief in the appellate court."). Construing the complaint liberally, Plaintiff appears to be objecting to the provision in the New York Tax Law which provides for a resale exemption from taxes. See *West Valley Nuclear Services Co. Inc. v. Tax Appeals Tribunal of State of New York*, 264 A.D.2d 101, 102 (N.Y. App. Div. 3d Dep't 2000) ("petitioner was not entitled to a resale exemption (see, Tax Law § 1101[b][4][i][A] ) based upon its claim that all property it purchased under the contract was immediately 'resold' to DOE."). Apparently, Plaintiff is claiming that this exemption discriminates against private sales of property. He gives an example of an individual choosing to trade in his car for a $10,000 credit, instead of selling it for $10,500, because the private sale for $10,500 will result in a sales tax liability for the car owner, whereas the trade-in is given an exemption under New York Tax law. In *Daimlerchrysler Co., LLC v. Billet*, 51 A.D.3d 1284, 1287, 858 N.Y.S.2d 836, 840 (N.Y. App. Div. 3d Dep't 2008), the Third Department addressed a similar equal protection argument. The analysis in that case makes clear that a private seller and an automobile dealer are not similarly situated. The private seller is engaging in a retail sale, which is taxable, but the dealer is receiving the same car for the purpose of reselling it. Therefore, Plaintiff's complaint fails to plausibly allege that persons in a similar situation to him are treated differently.

Further, as Defendant correctly maintains, Congress has explicitly stated that where sufficient state remedies exist, a federal district court is without jurisdiction to enjoin the collection of a tax by the state. New York State provides a remedy in its Tax Law at section 1139, and in the Civil Procedure Law and Rules Article 78. Plaintiff is aware of his state remedies, since he brought suit in New York Supreme Court in Yates County pursuant to Article 78 raising claims similar to the ones raised here. That action was dismissed on April 12, 2011. *Id.* Ex. L.

Consequently, Plaintiff's claim must be dismissed for lack of subject matter jurisdiction, and alternatively, for failure to state a cause of action. This is not the first time Plaintiff has had a lawsuit claiming that the tax law violated his constitutional rights. The Court now turns to Defendant's motion for sanctions.

### *Defendant's Motion for Sanctions*

Plaintiff was cautioned about the jurisdictional issues pertaining to the New York Tax Law in a Decision and Order entered by the Honorable Michael A. Telesca of this Court on November 9, 2009. *Ferguson v. Commissioner of Taxation and Finance*, No. 09-CV-6528L, 2009 U.S. Dist. LEXIS 105882 (W.D.N.Y. Nov. 9, 2009). In that decision, Judge Telesca informed Plaintiff about the limited jurisdiction of federal courts, and dismissed his complaint for lack of jurisdiction. *Id.*

Fours year earlier, Plaintiff challenged a provision in the Maine tax law that was similar in its tax credit treatment to the New York tax law. *Ferguson v. Maine Revenue Services*, Civil No. 05-179-B-H (D. Maine May 12, 2006). In a report and recommendation subsequently adopted by the district court, the magistrate judge wrote:

8

> I am satisfied that this complaint does not state either an equal protection claim or a due process claim under the Fourteenth Amendment. The difference in taxation schemes for an individual who trades a used car into a dealer when purchasing a new car and one who simply sells a used car privately is a rational differentiation between two individuals who are not similarly situated.

*Id.* Plaintiff's complaint in the *Maine* case was dismissed pursuant to Rule 12(b)(6). Further, one year prior to the *Maine* lawsuit, the Honorable David G. Larimer also dismissed as frivolous a similar complaint in *Ferguson v. Commissioner of Taxation and Finance*, No. 15-CV-6485-CJS (W.D.N.Y. Aug. 18, 2005).

Four years after the *Maine* case, the Honorable Richard J. Arcara of this Court dismissed Plaintiff's complaint for lack of jurisdiction in *Ferguson v. Commissioner of Taxation and Finance*, No. 10-CV-6437L (Sept. 11, 2010). In that case, Plaintiff made a complaint similar to the one presented in the case now before the undersigned.

In a letter dated August 8, 2016, and addressed to Plaintiff at the address shown on the docket of this case, defense counsel drew to Plaintiff's attention Federal Rule of Civil Procedure 11(c)(2), and, as required by the rule, advised Plaintiff of the 21 days he had to withdraw his complaint before Defendant filed the pending motion for sanctions. McKay Decl. Ex. J, Sept. 7, 2016, ECF No. 4-1. Despite the warning, Plaintiff failed to take advantage of the "safe harbor" provision in Rule 11. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012). Because Defendant has complied with Rule 11(c)(2), and Plaintiff has not, the Court may consider imposing a sanction.

As described above, Plaintiff has made several past attempts to litigate the issue of whether the New York Tax Law section about which he complains is unconstitutional

and he has been told repeatedly that he has no basis for a § 1983 lawsuit. Defense counsel specifically drew to Plaintiff's attention his obligation under to Rule 11, which states in pertinent part as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an ... unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4).

Plaintiff was ordered by this Court to respond to the motion for sanctions, Order, Sept. 9, 2016, ECF No. 6, but has not done so (except to file his two conflicting motions to dismiss and withdraw the motion to dismiss). Based on the history of litigation undertaken by Plaintiff on this issue, and the numerous judges who have informed Plaintiff that his claims are without merit, the Court can only conclude that he is in violation of Rule 11(b). Plaintiff has willfully filed several lawsuits on the taxation issue, knowing that they are frivolous. His filings exhibit a pattern of activity, and the frivolousness extends to the entire complaint. As shown by the defense motion, and this

Court's records, Plaintiff has engaged in similar conduct in the other lawsuits filed in New York and Maine. Counsel and the Court have had to expend significant time as a result of the frivolous filings. As an example, the defense motion for sanctions encompasses 90 pages of exhibits and a memorandum of law. Although Plaintiff does not appear to be someone trained in the law, he has had a significant education from the numerous decisions issued dismissing his lawsuits. Finally, the amounts for which he has sued, and is suing in this case, indicate that a sanction could have the deterrent effect necessary to halt Plaintiff's frivolous filings. Having considered the factors enumerated by the Second Circuit in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), the Court now turns to what would be an appropriate sanction.

Defense counsel detailed in her affidavit that she has expended seventeen hours reviewing materials, conducting research, conferring with state agency counsel, and drafting the motions now pending. McKay Decl. ¶ 9, Sept. 7, 2016, ECF No. 4-1. The filings show that considerable research was required to find the prior cases, including one in Maine, and in conferring for an hour on the alternative State remedies available to an aggrieved taxpayer. The Court finds that seventeen hours is reasonable. Counsel values her time at $250 per hour, and based on her experience, and the prevailing rates in the area, that hourly rate is reasonable. Accordingly, she seeks a financial sanction of $4,250.00. As defense counsel is employed by the State, any attorney fee award as a sanction will be payable to the State of New York. "The case law under Rule 11 also reflects the exercise of discretion to award only that portion of a defendant's attorney's fee thought reasonable to serve the sanctioning purpose of the Rule." *Eastway Const. Corp. v. City of N.Y.*, 821 F.2d 121, 123 (2d Cir. 1987).

The Court notes that Plaintiff has not proceeded *in forma pauperis*. From this, the Court concludes that its $400.00 filing fee has not deterred him from litigation the frivolous issue he raises. Further, the amount he seeks is even less than the cost of the filing fee. As defense counsel has pointed out, he has already been assessed costs in a prior case, evidently without a deterrent effect. McKay Decl. Ex. O. Accordingly, the suggested amount of $4,250.00, payable to the State of New York, is an appropriate monetary sanction.

Defendant also suggests that the Court impose a filing sanction. The Court agrees. Therefore, the Court will impose the following sanction on Plaintiff.

Plaintiff is permanently enjoined from filing any new sales tax credit case or proceeding in any federal district court without first seeking leave of this Court by means of a "Motion Pursuant to Court Order Requiring Leave to File," supported by a sworn affidavit that sets out the following information: the name of the proposed defendant; the nature of the constitutional claim; and the unavailability of an adequate State remedy for the wrong claimed.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to withdraw, ECF No. 9, is granted and his motion to dismiss, ECF No. 8, is denied. Defendant's motion to dismiss, ECF No. 5, is granted pursuant to Rule 12(b)(6) and Rule 12(b)(1) and the Clerk is directed to enter judgment in favor of Defendant. Defendant's motion for sanctions, ECF No. 4, is granted and Plaintiff is ordered to pay the amount of $4,250.00 to the State of New York. Finally, Plaintiff is permanently enjoined from filing any new sales tax credit case or proceeding in any federal district court without first seeking leave of this Court

by means of a "Motion Pursuant to Court Order Requiring Leave to File," supported by a sworn affidavit that sets out the following information: the name of the proposed defendant; the nature of the constitutional claim; and the unavailability of an adequate State remedy for the wrong claimed.

    IT IS SO ORDERED.

Dated: May 11, 2017
       Rochester, New York

           ENTER:

                 /s/ Charles J. Siragusa
                 CHARLES J. SIRAGUSA
                 United States District Judge